ISAAC TROY, Appellee, *vs.* THE VILLAGE OF FOREST PARK *et al.* Appellants.

*Opinion filed October 28, 1925.*

1. MUNICIPAL CORPORATIONS—*ordinance regulating construction and use of public garages must be reasonable.* By clause 82 of section 1 of article 5 of the Cities and Villages act as it existed prior to the invalid amendment of 1919, villages are given power to direct the location and regulate the use and construction of garages within the corporate limits, but an ordinance passed in pursuance of such power must be a reasonable exercise thereof or it will be pronounced invalid.

2. SAME—*what determines whether an ordinance is reasonable.* Whether an ordinance regulating the construction and use of garages is unreasonable and void is a question of law for the court, and in determining the question the court must take into consideration the object to be accomplished, the means for its accomplishment and all existing conditions and circumstances.

3. SAME—*presumption is in favor of validity of an ordinance.* The presumption is always in favor of the validity of an ordi-

nance, and to justify the court in interfering upon the ground that the ordinance is unreasonable requires a clear and strong case, and if there is room for a reasonable difference of opinion the action of the council is final.

4. SAME—*when ordinance regulating location of public garages is unreasonable.* A village ordinance forbidding the location of a public garage within 750 feet of the grounds of a church, irrespective of the character of the particular location of the garage or the size of the church grounds and without any provision for the consent of the authorities of the church sought to be protected, is unreasonable, arbitrary and void.

APPEAL from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

LITSINGER, HEALY & REID, for appellants.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by appellants from a judgment of the circuit court of Cook county ordering the issuance of a peremptory writ of *mandamus* directing the appellants to issue a permit to appellee for the erection of a garage building upon certain premises described in the judgment. The petition, among other things, set up that on June 2, 1924, an ordinance was adopted by the council of the village of Forest Park by which it was provided that no person should locate, build, construct or maintain any public garage within 500 feet of any building used for a hospital, church, public or parochial school or the grounds thereof, or locate, build, construct or maintain such garage on any lot in any block in which two-thirds of the buildings on both sides of the street are used exclusively for residence purposes, or within 100 feet of any such street in any such block, without the written consent of a majority of the property owners according to the frontage on both sides of

the street; that in October, 1924, appellee made application for a permit to erect a building for a public garage; that the real estate upon which he desired to erect the garage was not within 500 feet of any building used for a hospital, church, public or parochial school or the grounds thereof, and that the block in which the property was located was not one in which two-thirds of the buildings on both sides of the street were used exclusively for residence purposes, nor was it within 100 feet of any such street in any such block, but, on the contrary, there was but one residence in the block on either side of the street, and the other buildings in the block were mainly garages, barns, a gas filling station, and other structures not used for residence purposes; that on October 27, 1924, the village council passed an emergency ordinance changing the limit of 500 feet to 750 feet; that the mayor and council of the village declared that they would not issue a permit upon the excuse that appellee's proposed site was less than 750 feet from the nearest church. The petition alleged that the mayor and city council had not the power, right or authority, under the law, to make such regulation, and that the ordinance was at variance with the rights of appellee and the constitution of the State of Illinois. Appellants filed an answer, in which they admitted that the premises described in the petition were not within 500 feet of any building used for a hospital, church, public or parochial school or the grounds thereof, and stated that the premises were located within 525 feet of buildings used as and for a hospital, a church, a public and a parochial school and the grounds thereof. The answer also admitted that the block in which the premises were located was not a residential district. It denied that the ordinance was an unreasonable usurpation of power and denied that it was an arbitrary and unreasonable regulation. Appellee filed a demurrer to the answer of appellants, which, upon hearing, was sustained, and appellants having elected to stand by their answer, it was

ordered by the court that a peremptory writ of *mandamus* issue.

By virtue of clause 82 of section 1 of article 5 of the Cities and Villages act as it existed prior to 1919, a village was given power to direct the location and regulate the use and construction of garages within the limits of the village. (*Rippinger* v. *Niederst,* 317 Ill. 264.) This power is conferred upon the village in general terms and the details as to the exercise of such power are not prescribed by the legislature. An ordinance passed in pursuance of such power must be a reasonable exercise thereof or it will be pronounced invalid. (*City of Lake View* v. *Tate,* 130 Ill. 247; *Hawes* v. *City of Chicago,* 158 id. 653.) Whether such an ordinance is unreasonable and void is a question of law for the court. (*People* v. *Village of Oak Park,* 266 Ill. 365.) In determining whether the ordinance is reasonable or not the court must take into consideration the object to be accomplished, the means for its accomplishment and all existing conditions and circumstances. The presumption is always in favor of the validity of an ordinance, and to justify the court in interfering upon the ground that the ordinance is unreasonable requires a clear and strong case, and if there is room for a reasonable difference of opinion the action of the council is final. *City of Carbondale* v. *Reith,* 316 Ill. 538.

In *People* v. *Ericsson,* 263 Ill. 368, it is said: "Conceding, as the parties do, that the business of conducting a public garage does not constitute a nuisance *per se,* it is a matter of common knowledge that the automobile propelled by the use of gasoline is a large and sometimes noisy machine, which frequently, when in operation, emits an offensive odor. Automobiles go in and out of public garages at all hours of the day and night, producing noises which must necessarily interfere with the comfort and welfare of those in the immediate vicinity. In the starting of these machines and in the testing and repair of their engines a

considerable noise is unavoidable. Gasoline and oil are used in places of this kind, and it is necessary to keep a considerable quantity of gasoline constantly on hand, which is transferred to the tanks of automobiles propelled by this means. In making this transfer a portion of it necessarily becomes vapor, thus creating a menace both because of the odor of the fumes and their inflammable character. The power of the legislature to regulate such a business is in no way dependent upon the question whether it is a nuisance *per se.* It is of such a character that it becomes a nuisance when conducted in particular localities and under certain conditions, and it is clearly within the province of the legislature, in the exercise of the police power, to authorize the municipalities of the State to direct the location of public garages."

In the *Ericsson case* it was held that an ordinance prohibiting the erection of a garage within 200 feet of a church was not unreasonable, for the reason that the conduct of the business of a public garage would be as offensive to the members of a church as it would be to the occupants of a private residence and would affect their comfort and welfare to the same extent. We are of the opinion that an ordinance forbidding the location of a garage within 750 feet of the grounds of a church, irrespective of the character of the particular location of the garage, the size of the church grounds or the distance of the church from the garage, and without any provision for the consent of the authorities of the church sought to be protected, is clearly unreasonable and arbitrary, and therefore void.

The court properly sustained appellee's demurrer to appellants' answer, and the judgment of the circuit court is therefore affirmed.          *Judgment affirmed.*