HORATIO B. V. GREENE *et al. vs.* GEORGE A. WILLIS *et al.*

HORATIO B. V. GREENE *et al. vs.* GEORGE A. WILLIS *et al.*

MARCH 29, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

*(1)   Jurisdiction.   Bill of Exceptions.*

Where the jurisdiction of the Supreme and Superior Courts is questioned, the court will consider the motion raising the question of jurisdiction before considering the bill of exceptions upon which the case was brought up.

(2)  *Adoption.  Construction of Statutes.*

Statutes providing for the adoption of children, being in alteration of the
common law, are to be strictly construed.

(3)  *Adoption.  Appeal.*

On petitions for adoption, the statute grants a right of appeal from a decree
of a probate court to a petitioner whose petition has been denied, although
such petitioner is not a person aggrieved, and also to a child who has been
made the subject of the petition, and the right of appeal is restricted to
these two classes.

(4)  *Adoption.  Appeal.*

Where two petitions for adoption of a child were pending in a probate court
and one petition was granted and the other denied, the petitioner whose
petition was denied has no right of appeal from the decree granting the
petition of the other petitioner, but the right of appeal given to " any
petitioner" by the statute, is conferred solely upon the petitioner in the
proceeding in which the decree to be appealed from was entered.

(5)  *Error and Appeal.*

To have standing in an appellate court it is not enough that an appeal be
proper in form or that it appears to be warranted by the language of the
statute.   To have any force it must carry to the court of review a justiciable
question upon which an effective determination can be made.

(6)  *Adoption.  Appeal.*

Where two petitions for adoption of a child were heard in a probate court
and one granted and the other denied, and an appeal by the latter was
taken to the Superior Court, that court was without power to grant such
petition, for the reason that a court of competent and exclusive original
jurisdiction had already passed upon the adoption of the child, and through
lack of appeal its determination had ripened into a final and conclusive
judgment.

PROBATE APPEALS.   Heard on motions of appellees that
Superior Court be directed to dismiss appeals from decrees
of municipal court and motions granted.

SWEETLAND, C. J.   Each of the above entitled cases is
an appeal from a decree of the Municipal Court of the city
of Providence brought to this court upon the bill of excep-
tions of the appellees filed after a decision of the Superior
Court in which that court reversed the decree of the
Municipal Court.

Each case is before us at this time upon the motion of the
appellees that the Superior Court be directed to dismiss the

appeal on the ground that the Superior Court was without jurisdiction to try and determine said appeal, and that this court is without jurisdiction to pass upon said bill of exceptions.

Since these motions question the jurisdiction of this court and of the Superior Court, in accordance with our well settled practice we will pass upon that question before considering the bills of exceptions upon which the cases were brought here. *McKenna* v. *McKenna*, 29 R. I. 224; *Hadfield* v. *Cushing*, 35 R. I. 306.

It appears that one Mildred M. Lohr, is a child about eleven years of age; that both of her parents are dead; that the appellee, Louise I. Willis, is a sister of the child's deceased father; and that the appellant, Katherine J. Greene, is a sister of the child's deceased mother. Mrs. Willis, joining with her husband, the other appellee, petitioned the Municipal Court that they be permitted, in accordance with the provisions of the statute, to adopt said child. Later, Mrs. Greene, joining with her husband, the other appellant, also petitioned the Municipal Court that they be permitted to adopt said child. Both of said petitions being pending in the Municipal Court they were, for the convenience of the parties, heard together.

Said court on June 5, 1924, entered a decree granting the petition of the appellees, Willis, and also a decree denying that of the appellants, Greene. Thereafter, within forty days of their entry, the appellants, Greene, by a claim of appeal filed in each case, appealed to the Superior Court from the entry of each decree. These appeals were heard before a justice of the Superior Court sitting without a jury. Said justice filed his decision reversing the decree of the Municipal Court in each case, whereupon the appellees filed their bill of exceptions in each case and each case was certified to this court.

The grounds upon which the appellees now claim that the Superior Court and this court are without jurisdiction in the premises are that as to the decree of the Municipal

Court granting the Willis petition the appellants had no right of appeal under the statute, and that as to the appeal from the decree entered upon the Greene petition the appeal was entirely ineffective to bring the question of the adoption of Mildred M. Lohr before the Superior Court or before this court, as there was a judgment of the Municipal Court upon the matter of the adoption of Mildred M. Lohr from which no valid appeal has or can now be taken. Which judgment has become final and conclusive, and binding upon the Superior Court and upon us.

We will first consider the motion of the appellees with reference to the appeal from the decree of the Municipal Court granting the petition of the appellees. Although a recognized procedure under the civil law, the adoption of children was unknown in the common law of England. It came into the law of this State solely by virtue of the statute. It has been generally held that statutes, providing for the adoption of children, being in alteration of the common law, are to be strictly construed. *Purinton* v. *Jamrock*, 195 Mass. 187. Although, as against the interests of the child the proceedings must be strictly in accordance with the statute, it has been held in some cases that such statutes should be given a liberal construction in order to support a decree of adoption which was for the benefit of the adopted child, when the jurisdiction of the court entering the decree has been later attacked on the ground that some statutory provision has not been precisely complied with. *Sewall* v. *Roberts*, 115 Mass. 262 at 275. We find no case, however, in which exact compliance with a statutory provision prescribing the persons who may appeal from a decree granting adoption has not been insisted upon. *Gray* v. *Gardner*, 81 Me. 554.

In their reasons of appeal in each case the appellants, Greene, have apparently relied upon the general provisions regulating appeals from probate courts. They have alleged themselves to be persons aggrieved by the decree of the Municipal Court entered upon the respective petitions. In

this allegation the appellants are in error. This court has said that a person "aggrieved" by a decree of the probate court, to whom a right of appeal therefrom has been given by statute, is solely one having a substantial grievance, i. e., the denial of some personal or property right, or the imposition upon him of a burden or obligation. *Tillinghast* v. *Brown University*, 24 R. I. 179; *Hadfield* v. *Cushing*, 35 R. I. 306. With reference to the general provision relating to appeals from decrees of probate courts these appellants are in substantially the same situation as was the appellant in *McKenna* v. *McKenna*, 29 R. I. 224. In that case a brother had petitioned that the probate court place his sister, a person of full age, under guardianship. His petition was denied and he took an appeal to the Superior Court as a person aggrieved by the decree of the probate court. It was held that he had suffered no grievance within the terms of the statute, and that the Superior Court was without jurisdiction to consider his appeal. It is probable that in every proceeding for adoption no one can properly be held to be aggrieved by the decree of the probate court save the child, whose adoption is sought, when it appears to such child, or to his next friend, that the child's interests have been injuriously affected by the decree. The statute, however, makes special provision for appeal in proceedings for adoption. After providing that "Any person may petition the municipal court or probate court for leave to adopt as his child any person younger than himself", the statute provides as follows with reference to appeals: "Any petitioner may appeal to the superior court from the decree of the probate court on such petition and, any child made the subject of such petition may, by next friend, appeal in like manner." Sections 1 and 8, Chapter 288, Gen. Laws 1923. The statute thus grants a right of appeal to a petitioner whose petition has been denied, although such petitioner is (3) not a person aggrieved, and also to a child who has been made the subject of the petition. The right of appeal is clearly restricted to these two classes of persons. It has

been suggested by the appellants that, in the matter under consideration, they also were petitioners with reference to the same subject matter, and that they are embraced in the terms of the statutory provision giving the right of appeal to "any petitioner". We can not accept the suggestion of the appellants. It chanced that the petition of the appellants was pending at the same time as that of the appellees which was granted, but the construction of the provision, for which the appellants contend, would give the right of appeal not only to them but also to all persons who at any previous time had been petitioners for the adoption of the (4) child, although their respective petitions had been denied and their right of appeal from such denial had been lost through lapse of time. It would also give the right of appeal to any person who within forty days after entry of the decree in question should file a new petition for the adoption of the child. A construction, which would interpret the statute as thus conferring the right of appeal from a decree upon any or all of these strangers to the proceeding upon which the decree was entered, is too unreasonable and strained to be adopted. We are led to the conclusion that the true construction of the statute is the reasonable and natural one, *i. e.*, that the right of appeal given to "any petitioner" is conferred solely upon the petitioner in the proceeding in which the decree to be appealed from was entered. The pretended appeal of the appellants, Greene, should have been dismissed in the Superior Court for lack of jurisdiction in that court.

We will now consider the motion of the appellees asking that the appeal of the appellants from the decree of the Municipal Court denying the appellants' petition should be dismissed. The petitioners come within the strict terms of the adoption statute, which gives to a petitioner a right of appeal from the decree entered upon his petition. To have (5) standing in an appellate court, however, it is not enough that an appeal be proper in form or that it appears to be warranted by the language of the statute. To have any

force it must carry to the court of review a justiciable question upon which an effective determination may be made. The appeal of the appellants, Greene, sought to bring to the Superior Court their petition for the adoption

(6) of Mildred M. Lohr; but the Superior Court was without power to grant such a petition for the reason that a court of competent and exclusive original jurisdiction had already passed upon the adoption of the child, and through lack of appeal its determination had ripened into a final and conclusive judgment. The Superior Court acquired no jurisdiction over the subject matter through the appeal of the appellants Greene. *Kenyon* v. *Probate Court,* 17 R. I. 652; *Fish* v. *Field,* 40 R. I. 180. To permit the Superior Court to take jurisdiction and to determine the merits of the appeal would be to authorize a collateral attack upon the final judgment standing in the Municipal Court. That a conclusive judgment of adoption, rendered by a court having jurisdiction of the parties and the subject matter, is within the general rule, and cannot be made the subject of collateral attack has been determined in numerous cases. *Sewall* v. *Roberts,* 115 Mass. 262, 276; *Barnard* v. *Barnard,* 119 Ill. 92; *Van Matre* v. *Sankey,* 148 Ill. 536; *Ferguson* v. *Herr,* 64 Neb. 649, 663. We are of the opinion that the Superior Court was without jurisdiction either to affirm or reverse the decree of the Municipal Court denying the petition of the appellants, Greene, and the Superior Court should have dismissed the appeal as a nullity.

The motions of the appellees are granted. It is ordered that this court return each of the above entitled cases to the Superior Court with direction to that court to vacate its decision made in each case and to transmit each case to the Municipal Court, there to stand in accordance with the decree entered in that court.

*Flynn & Mahoney,* for appellants.
*Benjamin W. Grim,* for appellees.