Margaret Mary Ward and Wilmer W. Foster, Appellees, v. Village of Elmwood Park, Appellant.

Gen. No. 46,664.

First District, Third Division.
November 16, 1955.
Released for publication December 19, 1955.

Leslie J. Smith, of Forest Park, and Howard B. Bryant, of Chicago, for defendant-appellant.

Louis Dennen, of Chicago, for plaintiffs-appellees; Daniel P. Glecier, of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court. This is a declaratory judgment action (Ill. Rev. Stat. 1953, Chap. 110, Sec. 181.1 [Jones Ill. Stats. Ann. 104.057(1)]) seeking a judicial declaration that an ordinance of defendant village, as applied to plaintiffs'

property, is void. Plaintiffs also seek mandamus to compel the approval of plans and issuance of a building permit. Defendant's answer was stricken on plaintiffs' motion. Defendant stood on its answer and judgment was entered granting the relief sought. Defendant has appealed.

The case is here on the pleadings and we therefore set forth the facts admitted by plaintiffs' motion. The property involved is located at the northwest corner of 76th and North Avenues in Elmwood Park. North Avenue is a major artery for automobile traffic, it was zoned when suit was filed for "specialty shops" and it has many stores of various kinds in the vicinity of plaintiffs' property.

At the time suit was filed village zoning regulations, which as applied to plaintiffs' property, prohibited filling station use if within 200 feet of:

"any building used . . . , in whole or in part, as a church, hospital, library, community or parish house, public or private school or kindergarten, or . . . residence . . . ."

After suit was filed an amended 1954 ordinance was passed, which as applied to plaintiffs' property, precluded its use under any circumstances for filling station purposes. Plaintiff referred to the original ordinance as paragraph 317.04, but defendant in its amended answer termed this same ordinance section 1402.04. Regardless of the proper designation of this ordinance, we shall refer to it as the "prior" ordinance, and thereby distinguish it from the later (1954) ordinance.

Plaintiffs alleged that they were owners in fee of the property; had prepared plans for the filling station in accordance with the building code; and had applied for, and been denied, the prescribed license and permit. They alleged the restrictions imposed on their property were the result of an unauthorized exercise of

38

power and asked the court to declare the prior ordinance void as applied to this property.

Defendant in answering denied plaintiffs had applied for a permit and demanded strict proof that plaintiffs were owners in fee of the property, making the requisite affidavit in support of the demand. Ill. Rev. Stat. 1953, Chap. 110, Sec. 164 [Jones Ill. Stats. Ann. 104.040]. The answer also alleged that an amended ordinance had been passed since suit was filed and that the prior ordinance was therefore immaterial. In an amended answer defendant affirmatively alleged that even by the prior ordinance the proposed use was not permissible since it was within 200 feet of a church and of a partially residential building.

The court decided that the prior ordinance was void and that the 1954 ordinance was inapplicable. It declared plaintiffs had a clear right to use the premises for a filling station and ordered approval of the application for the permit.

The decisive question is whether the court correctly declared the 1954 ordinance inapplicable to plaintiffs' property.

■ We need not consider the ordinance in effect when the suit was filed. That ordinance was superseded by the ordinance of March 8, 1954 which was effective to regulate the use of plaintiffs' property. Plaintiffs had no vested right in the continuance of the earlier ordinance. Fallon v. Illinois Commerce Commission, 402 Ill. 516, 526. And there were no admitted facts in the pleadings which would protect plaintiffs, by substantial change in position, in their proposed use against the revised ordinance of 1954. The only allegations pertinent to any degree on this point were that a permit had been applied for and that plaintiffs had prepared plans and a plot. These were denied by defendant. There was no evidence to justify findings with respect to these issues. Under the circumstances we think the pleadings do not show the 1954 ordinance

39

was inapplicable to plaintiffs' property because there is neither a showing of substantial construction, nor substantial liabilities incurred by plaintiffs. Deer Park Civic Ass'n v. City of Chicago, 347 Ill. App. 346, appeal denied, 351 Ill. App. xiv. The decree in ordering the ordinance inapplicable was erroneous and must be reversed.

The court, though it declared the 1954 ordinance inapplicable, did not declare it void. It did find, however, that neither ordinance was related to the public health, safety, comfort, morals or welfare. We think it necessary to discuss this finding.

■■ It is conceded that gasoline filling stations are not nuisances per se, are public necessities, must not be suppressed, but their locations may be reasonably regulated by municipalities. In our opinion the pleadings do not make that requisite "clear and strong" showing (Troy v. Village of Forest Park, 318 Ill. 340, 343) which was needed for a finding that the 1954 ordinance is unreasonable.

The original complaint attacked the prior ordinance and does not pertain to the 1954 ordinance. The prior ordinance is out of the case as superseded by the 1954 ordinance introduced into the case by the answer. No reply was filed setting forth any facts which might tend to show that ordinance was unreasonable and void as applied to plaintiffs' property. The ground for the motion to strike the answer was that the 1954 ordinance was not applicable because it was not in effect at the time suit was filed. Thus no facts were before the court upon which it could determine that the 1954 ordinance was unrelated to the public health, safety, comfort, morals and welfare. For the reasons herein set out the decree is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LEWE, P. J. and FEINBERG, J., concur.