217 A.2d 88.

SARAH R. PATERSON *et al. vs.* EDWARD B. CORCORAN *et al.*

FEBRUARY 23, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

Roberts, C. J. This is an appeal from a decree of the superior court denying and dismissing a bill of complaint brought under the provisions of G. L. 1956, §45-23-20, wherein that court is authorized to review decisions of boards of review approving or disapproving the subdivision of land within the cities and towns under §45-23-9. The superior court, after hearing the bill in part, granted the respondents' motion to dismiss the bill for want of jurisdiction and entered a decree to that effect. From that decree the complainants have prosecuted an appeal to this court.

The record discloses that Smith Development Corporation, hereinafter referred to as the applicant, is the owner of a tract of land in the town of Middletown presently zoned for commercial uses. In 1963 the applicant submitted to the plan commission of the town a plat, showing a proposed subdivision of the tract into two lots and seeking an approval thereof so that the plat might be recorded under §45-23-9. The plan commission refused to approve the plat so submitted, and pursuant to §45-23-16 the applicant appealed that decision to the board of review, which, after

hearing, overruled the plan commission and approved the proposed plat for recordation.

The complainants thereupon, acting under the provisions of §45-23-20 of the enabling act, prosecuted an appeal to the superior court by way of a bill in equity, which court, after hearing said bill in part, denied and dismissed it. In the decree from which the instant appeal is taken the court found that complainants "have submitted no evidence that the value or use of their land may be affected by the recording of the subdivision * * *" and concluded as a matter of law that complainants "are not aggrieved persons within the provisions of Section 40-23-20 [sic], General Laws of Rhode Island (1956)." It is on this basis that the bill of complaint was dismissed.

In this court complainants contend that the superior court erred in dismissing their bill on the ground that they were not persons aggrieved within the meaning of said §45-23-20. They contend in part that because the applicant did not question their standing to appear before the plan commission or the board of review, it should be estopped from now urging that they were without standing to prosecute the appeal to the superior court. However, it is clear that under the enabling act complainants, as land-owners, had standing to appear before the board of review to object to an approval of the plat so that objection at that stage would have been futile. This ground, to whatever extent it is relied on by complainants, is without merit. The controlling question is whether these complainants had standing under the terms of the statute in question to invoke judicial review provided for in §45-23-20. In our opinion, they did not.

Authority to regulate and control the subdivision of land within the municipalities of the state was delegated to city and town councils under the provisions of G. L. 1956, chap. 23 of title 45. That statute provides that before a plat of

a proposed subdivision of land may be accepted for recordation under the provisions of §45-23-9, the owner must submit the plat for approval to the plan commission, the creation of which is provided for in the enabling act. The statute further requires that the plan commission conduct a hearing on applications for such approval and that notice be given of the time and place thereof to the applicant and other owners of all properties abutting on the land for which subdivision is proposed.

When the plan commission rejects a proposed plat, statutory provision is made for an appeal from that decision to a board of review under §45-23-16. Until the amendment of said §45-23-16 in 1965, the provisions thereof gave standing to claim an administrative review of the plan commission's decision only to the applicant when his proposed plat had been rejected. The statute required that when such an appeal was claimed by an applicant, notice of a hearing to be held thereon must be sent not only to abutting owners but to any other person who had appeared before the plan commission to object to an approval of the proposed subdivision. The legislation as it then stood gave no standing to objectors to claim the administrative review provided for therein when the plat had been approved, their relief in such circumstance being limited to claiming judicial review under §45-23-20 as persons aggrieved by the decision of the plan commission.

Judicial review of such decisions as provided for in §45-23-20 confers standing to claim such a review on "Any person, whether or not previously a party to the proceedings, aggrieved by a decision of a board of review, or by a decision of a plan commission from which no appeal lies to a board of review, or by the failure of a plan commission to take final action with respect to any plat within the required time, may appeal to the superior court for the county in which the land is situated, by bill in equity filed within

fifteen (15) days after such decision is recorded * * *. Any person owning land in such city or town located within one thousand (1,000) feet of the subdivision involved shall have the status of an aggrieved person if the value or use of his land may be affected by the recording of such subdivision." Clearly, as the law then stood, judicial review was available to an applicant when the board of review sustained a plan commission's rejection of a proposed plat but to other persons only when aggrieved by a decision of the plan commission approving the plat on the part of the board of review.

However, in 1965 the legislature amended §45-23-16 so as to make the administrative review of plan commission decisions therein contemplated available to "any aggrieved person as defined in §45-23-20 who appeared before the plan commission in opposition to such application * * *." The effect of this amendment was to make administrative review available to objectors to a proposed plat immediately upon its approval by the plan commission and is significant, in our opinion, of a legislative intent to confer standing to claim judicial review on the applicant and other such property owners whose land either abuts on the proposed plat or is adjacent to it when they establish that a recordation of the plat may affect the "value or use of his land * * *."

In our opinion, no extended discussion of the techniques of legislative draftsmanship is required to conclude that the legislature, in so amending §45-23-16, intended to extend the right of the administrative review provided therein to those who oppose approval of such plats but to withhold from them standing to claim judicial review under §45-23-20 unless the effect of the approval of the plat would be in those circumstances to deprive them of property without due process of law.

Judicial review, in other words, is made available to those opponents to the filing of such plats who would incur more than mere nominal property impairment there-

by because the proximity of their property to the proposed plat could affect its use and value in a substantial degree. Section 45-23-20 extends to such landowners a reasonable opportunity to secure judicial protection against arbitrary action on the part of a plan commission or a board of review with respect to the approval of such plats. See *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41, 49. It is our conclusion then that the legislative intent in the enactment of §45-23-20 was to restrict standing to claim the judicial review therein provided to those landowners whose land was within the prescribed distance who establish that its filing might affect the use or value of their land.

However, were we to concede that the phrase "aggrieved person" as used in §45-23-20 be given the broad, inclusive connotation for which complainants argue, we are unable to perceive that they would benefit thereby, for, in our opinion, the definitory portion of that statute merely declares legislative recognition of our long-standing rule that a person is aggrieved by a decision when it "operates on his rights of property or bears directly upon his interest." *Tillinghast* v. *Brown University*, 24 R. I. 179, 184. In short, it is our opinion that on the state of the evidence disclosed by the record here complainants have failed to establish that they were persons aggrieved however broadly we construe that phrase.

The language chosen by the court in *Tillinghast* v. *Brown University, supra,* to define aggrievement implies an adverse effect on the person, that is, it must operate so as to impair or diminish a right of property or a personal interest. This is clearly indicated by the language used by this court in *Greene* v. *Willis*, 47 R. I. 251, wherein at page 255 we said that "a person 'aggrieved' by a decree of the probate court, to whom a right of appeal therefrom has been given by statute, is solely one having a substantial grievance, *i.e.*,

the denial of some personal or property right, or the imposition upon him of a burden or obligation."

It would appear then that complainants here, to establish aggrievement within the meaning of the statute, of necessity would be obligated to show that the filing of the plat might adversely affect the value or the use of their land and that such adverse impairment of use or diminution of value would have to be more than merely nominal but, in fact, be substantial. Referring to this aspect of the concept of aggrievement, we said in *Hall* v. *Burgess,* 40 R. I. 314, 319: "It means that a person to be aggrieved must be one who has an actual and practical, as distinguished from a mere theoretical, interest in the controversy." A reading of §45-23-20 persuades us that, taking the term "aggrieved" in its broadest sense, complainants here on the evidence adduced have failed to establish that the filing of the plat would have any real or substantial adverse effect upon the value or use of their land.

In the instant case the trial justice found expressly that the evidence adduced by complainants to establish that a filing of the plat might affect the use or value of their land was without probative force on that issue and that the probative thrust thereof was in fact directed to matters involving public interests. It is settled that the findings of a trial justice sitting in equity will be afforded great weight by this court and will not be disturbed unless clearly wrong. *Noonan* v. *Cuddigan,* 85 R. I. 328. From our examination of the record we are constrained to agree with the conclusion of the trial justice in this respect and hold that he did not err in finding that there had been a failure on the part of complainants to establish that they were persons aggrieved by the decision of the board of review.

It is to be noted that the complainants, in arguing that they are aggrieved by the decision of the board of review, appear to rely upon certain zoning cases and contend, as

we understand them, that the proximity of their land to the tract that has been subdivided alone is sufficient to entitle them to claim judicial review of the board's decision. They rely primarily on *Flynn* v. *Zoning Board of Review*, 77 R. I. 118, and *Bastedo* v. *Board of Review*, 89 R. I. 420. We have examined these cases and are persuaded that they are distinguishable. In each of those cases the use of the land under consideration was being changed from one zoning classification to another, a fact not present in the instant case, in which the use of the tract being subdivided is being in no manner changed. In *Bastedo* this distinction is made clear when the court said: " 'But generally speaking the owner of property, the use of which naturally would be affected adversely by a decision granting an exception or variance, is considered to be an aggrieved person having a right to such a review.' " (89 R. I. at 422). We are of the opinion that the rule as thus stated is absolutely sound but is without application to the factual situation being considered in the instant case.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for complainants.

*Corcoran, Peckham & Hayes, Edward B. Corcoran,* Solicitors for Town of Middletown, for respondents.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for applicant.