239 A.2d 731.

ARTHUR D. JEFFREY *et al. vs.* PLATTING BOARD OF REVIEW OF THE TOWN OF SOUTH KINGSTOWN *et al.*

MARCH 21, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

580

POWERS, J. This is an appeal from a superior court judgment, denying and dismissing the plaintiffs' appeal from a decision of the defendant board, which latter appeal was claimed pursuant to the provisions of G. L. 1956, §45-23-20.

The controversy arises out of an original request to the planning board of the town of South Kingstown, hereinafter called the "board," for the subdivision of certain real estate as shown by a preliminary plat accompanying said request. The proposed plat designated the land in question as "Stoneway Plat" of which Salt Pond Meadows, Inc. is owner and Henry Mars is developer. It was filed April 11, 1966, and was discussed at numerous meetings of the board held thereafter. Over strenuous objections of abutting property owners, the plat was given preliminary approval by the board subject to the conditions that prior to final approval there be compliance with the check list as set forth in the subdivision regulations of the town of South Kingstown and also that an access road to the plat be dedicated to the town. The public hearing mandated by the state enabling act, as well as the town's subdivision ordinance, was scheduled for July 19, 1966, and certain written

notices thereof were mailed by the board as required by §45-23-9, as amended. It is not disputed that plaintiffs, hereinafter called "appellants," received the required notice.

Subsequent to the public hearing of July 19, 1966, the final plat was filed by the developer. It depicted the location of certain existing roads on the land to be subdivided together with the location of a water system located on said land servicing abutting property.

The public hearing was held as scheduled on July 19, 1966, and numerous residents of the town of South Kingstown appeared to object to the approval of the plat. One of the principal objections voiced at the public hearing concerned possible damage to the water system on the subject parcel of land to the detriment of the abutting property owners serviced thereby. Another objection raised at the hearing by one of the abutting property owners was that approval of the plat as presented would seriously hinder the operation of a sewer system located on the proposed plat which serviced his premises. A third and prevalent objection, raised by abutters and others who attended the public hearing, related to a proposed change in zoning regulations scheduled for consideration by the town council on the evening of July 28, 1966. These proposed changes had been drafted by the board and submitted to the town council with the board's recommendation that they be adopted.

The objection to the plat based on zoning regulations arose out of the fact that each lot on the proposed subdivision averaged 40,000 square feet in area, twice the area requirement of the existing ordinance but only half that of the 80,000-square-foot requirement of the proposed amendment.

At the conclusion of the July 19, 1966 public hearing, the matter was continued to July 21, 1966. At that meeting it was announced that the board would grant final approval

to Stoneway, subject however to assurances from the town sanitation officer that certain defects in the aforementioned sewer system had been corrected and the filing by the developer of a certified check or performance bond in the amount of $25,000 as required by the subdivision regulations of the town. The required assurances were filed by the sanitation officer on July 22, as was a check by the developer on July 27, 1966. It was a bank check of the Roger Williams Savings & Loan Association, payable to the order of Roger Williams Savings & Loan Association, town of South Kingstown and the developer, Harry N. Mars. Final approval of the Stoneway plat was given by the chairman of the planning board the following day at 4 p. m. That evening at the conclusion of the public hearing held before the town council, approval was given to the proposed zoning changes.

The instant appellants, being the abutters whose properties derived water and sewerage services from installations located on Stoneway plat, seasonably appealed to the South Kingstown platting board of review, hereinafter called "defendant." Their appeal was predicated on the authority of §45-23-16, as amended. No question of standing to take that appeal is before us.

Also appealing to defendant from the board's decision were a Mr. and Mrs. Russell. They had not received written notice of the board's public hearing for the reason that they did not abut the proposed plat, but did abut land, a portion of which was subsequently purported to be dedicated as a public access highway. They would not, therefore, have been entitled to receive written notice as to the board's public hearing. It was not until after final approval by the board that their interests, if any, would appear. Since the superior court justice found, and we affirm, that the land purportedly dedicated as aforesaid was not a part of the subdivision, it follows that they were not entitled to receive written notice as abutters.

Pursuant to the appeal to it, defendant held a hearing on August 16, 1966, and took the matter under advisement until August 22, 1966, when it filed a decision denying and dismissing the appeal.

The appellants thereupon appealed to the superior court on the authority of §45-23-20, seeking judicial review of the actions of the board in the first instance and defendant's action with regard to its review of the board's decision.

A hearing which lasted several days was held, and on January 26, 1967, the superior court justice denied and dismissed the appeal and judgment was entered for defendant with costs. From that judgment, appellants seasonably appealed to this court.

At the threshold of the instant appeal is the question of whether appellants had standing in the superior court as aggrieved persons within the meaning of §45-23-20. It provides:

"Any person, whether or not previously a party to the proceedings, aggrieved by a decision of a board of review, or by a decision of a plan commission from which no appeal lies to a board of review, or by the failure of a plan commission to take final action with respect to any plat within the required time, may appeal to the superior court for the county in which the land is situated, by bill in equity filed within fifteen (15) days after such decision is recorded or within fifteen (15) days after the expiration of the required time as aforesaid. Any person owning land in such city or town located within one thousand (1,000) feet of the subdivision involved shall have the status of an aggrieved person if the value or use of his land may be affected by the recording of such subdivision. The court shall hear all pertinent evidence and determine the facts, and upon the facts so determined may affirm such decision, or may annul the same if found to exceed the authority of such plan commission or board of review, or may enter such other decree as justice and equity may require. The foregoing remedy shall be

exclusive, but the parties shall have all rights of appeal and exception as in other equity cases."

In their appeal to the superior court, appellants prayed that defendant's decision affirming the board's approval of Stoneway plat be annulled for the alleged reasons that the board had failed to comply with certain jurisdictional requirements of the state enabling act, the subdivision ordinance and the regulations adopted pursuant thereto. The superior court justice, making findings of fact where necessary, considered these contentions as to non-compliance by the board and found them to be without merit. He also found that appellants had failed to prove that their respective properties would be adversely affected by the approved subdivision and denied and dismissed the appeal.

It is defendant's contention that if this finding of no actual damage is not clearly wrong, appellants were not aggrieved persons within the meaning of §45-23-20. Stated otherwise, defendant contends that appellants lacked standing to complain of any irregularities in the board's exercise of jurisdiction, absent a showing by appellants that the value or use of their properties *will,* as distinguished from *may,* be adversely affected by the board's approval of the proposed subdivision. In support of this contention, defendant relies on *Paterson* v. *Corcoran,* 100 R. I. 475, 217 A.2d 88.

In *Paterson* we held at 480, 217 A.2d 91, "* * * It is our conclusion then that the legislative intent in the enactment of §45-23-20 was to restrict standing to claim the judicial review therein provided to those landowners whose land was within the prescribed distance who established that its filing might affect the use or value of their land." Furthermore, we concluded that to be aggrieved the property owners' interest must be substantial and not merely nominal, citing *Tillinghast* v. *Brown University,* 24 R. I. 179, 52 Atl. 891; *Greene* v. *Willis,* 47 R. I. 251, 132 Atl. 545, and *Hall* v. *Burgess,* 40 R. I. 314, 100 Atl. 1013.

In those cases this court held that a grievance exists only when the wrong asserted acts to deny a personal or property right or imposes a burden on the person asserting the grievance. We adhered to this principle in *Paterson* because the probative evidence established that plaintiff was complaining only of that which affected the public generally.

Contrary to defendant's contention, however, we did not hold that a property owner qualifying within the restrictive language of §45-23-20, even though he established that the use or value of his property might be affected by the proposed subdivision, was not entitled to a judicial review of a planning board's exercise of its jurisdiction, absent a showing that the use or value of his property would in fact be adversely affected.

Clearly, such was not the intention of the legislature. Rather, it intended that a qualifying property owner could invoke judicial review of the planning board proceedings on a satisfactory showing that the use or value of his property *"may"* (emphasis ours) be adversely affected. It might be that in the hearing conducted in the superior court, the property owner could establish that the recording of the plat would in fact adversely affect the use or value of his property. In that case, the provisions of §45-23-20 authorize the superior court, in the exercise of its equity jurisdiction, to provide such relief as would be available if no question of subdivision were present. Thus, whether actual impairment of use or value be shown or not, the legislative intent was to provide for a judicial review of a planning board's exercise of its jurisdiction when such review is sought by a property owner who qualified under the provisions of the section authorizing appeal. If on such review it were shown that a planning board acted arbitrarily, §45-23-20 empowers the superior court justice to order such corrective measures as circumstances may require.

Interestingly enough, an extensive independent research

of the subdivision statutes of our sister states fails to disclose any other jurisdiction where property owners within a stated distance of a proposed subdivision are given a right of judicial review by establishing that "the value or use of his land may be affected by the recording of such subdivision." Since a property owner, regardless of where his property might be situated with respect to an approved subdivision, would have a remedy, including injunctive relief, on proof that the subdivision resulted in actual injury, it would seem that the principal intendment of the appeal section was to provide for judicial scrutiny of allegations that approval of a proposed plat had been given in violation of the state and/or municipal regulations. See *Paterson, supra.*

In the instant case some of the appellants established potential impairment to a water system servicing their property while the others so substantiated possible interference with their right to be serviced by an established sewer system as to cause the board to order corrective measures as a condition precedent to its final approval of the plat. Clearly, on such a showing, appellants had standing in the superior court entitling them to the judicial review contemplated by §45-23-20. This, notwithstanding the correctness of the superior court justice's finding that they had failed to adduce evidence that the potential wrongs asserted would in fact materialize.

We turn then to a consideration of the several contentions made by appellants that the board's approval in the first instance and defendant's affirmation on appeal were arbitrary and not in compliance with the applicable statute, ordinance and regulations.

In support of their contention that the board arbitrarily or illegally acted in approving the plat, appellants make several arguments which we will consider as posited, though not seriatim.

Did the planning board abuse its discretion in failing to consider the proposed zoning ordinance of the town of South Kingstown?

Appellants base this argument on the theory that the enabling legislation, G. L. 1956, §45-23-6, grants discretionary powers in the board to provide "* * * for the harmonious development of the city or town * * *" and since the board had recommended to the town council that the zoning requirements of 20,000 square feet be changed to 80,000 square feet, then its approval of a plan of subdivision which contains lots averaging 40,000 square feet is an abuse of the discretion contained within the enabling act.

This contention is more plausible than sound because the factual situation as it existed when the question of approval was before the board does not support it.

The enabling act provides in said §45-23-6 that the city or town council, and by delegation a planning board, may adopt rules and regulations to provide for "harmonious development." They must thereafter act pursuant to the rules that they have thus enacted, and they have no discretion to disapprove a plat that conforms to those rules. *Langbein* v. *Planning Board of the City of Stamford,* 145 Conn. 674, 146 A.2d 412, and *Yokley, Law of Subdivisions,* §52, p. 112, and cases cited therein. The appellants cite no authority to the contrary and our independent research discloses none.

An examination of the rules and regulations in effect when the present subdivision was approved establishes that the Stoneway plat more than complied with the area requirements and thus the board had no authority to require greater lot area.

A problem closely connected with this contention and raised in oral argument by counsel, and later briefed for the benefit of our determination, is that §45-23-16, as amended, provides:

"Upon an appeal taken pursuant to the provisions of this section or of §45-23-19 and/or §45-23-20 shall stay any order or decision of the plan commission or of the board of review until final determination by the court."

Since the zoning ordinance was amended prior to the hearing before defendant, the board, they argue, was bound by the zoning changes thus affected. In support of this contention appellants cite *Roselle* v. *Wright,* 37 N. J. Super. 507, 117 A.2d 661; *Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494, 36 N. E. 2d 678; *Ward* v. *Village of Elmwood Park,* 8 Ill. App. 2d 37, 130 N. E. 2d 287; *Shanahan* v. *Pocahontas Fuel Co.,* 194 Va. 303, 72 S. E. 2d 639; *McClain* v. *City of Ennis* (Tex. Civ. App.), 340 S. W. 2d 66; and *Tantimonaco* v. *Zoning Board of Review,* 100 R. I. 615, 218 A.2d 480.

The cited cases, however, relate to zoning and whatever the applicable rule may be under the peculiar circumstances of a particular case, when, subsequent to relief granted by a zoning board of review, there has been a legislative amendment to the zoning ordinance under which such relief is granted, see *Najarian Realty Corp.* v. *Zoning Board of Review,* 99 R. I. 465, 208 A.2d 528; *Shalvey* v. *Zoning Board of Review,* 99 R. I. 692, 210 A.2d 589; *Tantimonaco* v. *Zoning Board of Review,* 102 R. I. 594, 232 A.2d 385, we think that in reviewing the action of a planning board in granting approval of a subdivision, the question of law presented is whether in granting final approval the board's decision is consistent with the ordinances and rules and regulations by which the board was bound at the time of its decision.

Was the action of the planning board illegal in that no bond or certified check, as required by law, was filed by the developer?

The appellants, in making this contention, are arguing not that the board failed entirely to require a bond or check, but that the certified check that it did accept was not le-

gally sufficient to satisfy the requirement. They produced before the superior court a photostatic copy of that certified check, and it is evident from the face thereof that it was not made payable exclusively to the town. Instead, the face of the check indicates that it is payable to the bank, the town, and the developer. The appellants, however, did not produce a copy of the back of the check to determine whether it had been endorsed to the town. Having failed to do this, the trial justice found that they did not satisfy their burden of proof and he invoked the presumption of administrative regularity in upholding the action of the board. Furthermore, the trial justice indicated that appellants could have subpoenaed the original check, but contented themselves with producing a photostatic copy of the face. From this circumstance he clearly inferred that to have done so would have prejudiced appellants. Further buttressing his findings, the trial justice observed that had the appellants proven that the board had failed to require a proper certified check, he could have ordered the proper endorsements and thus corrected any defect that might have existed.

Appellants have presented no argument to justify this court in finding that the trial justice misconceived the evidence or law within our well-settled rule of review as expressed in *Santilli* v. *Morelli,* 102 R. I. 333, 230 A.2d 860. Therefore we affirm his decisions in this regard.

Did the planning board of the town of South Kingstown act illegally in failing to provide for the protection of owners of easements across the proposed plat?

The appellants produced testimony before the board, the defendant, and the superior court to establish that certain easements run across the proposed subdivision. They presented no evidence, however, to substantiate the contention that these easements in fact were going to be interfered with, or what measures could be taken by the board to pro-

tect those interests. It is to be noted that the evidence they produce in these regards is sufficient to support the proposition that their property *might* be affected by the approval of the proposed subdivision, and thus satisfies the requirement of aggrievement for §45-23-20 for judicial review, but is insufficient to support the proposition that the filing of the plat *would* in fact cause interference with the easements, on proof of which, as the trial justice observed, he could have provided for appropriate safeguards. We conclude from our examination of the entire record that the trial justice is correct in these findings.

Furthermore, the appellants are in no way harmed by the trial justice's decision in these regards, since when and if actual injury is imminently threatened, they had recourse to general equitable relief.

The appellants' final contention, however, is not lacking in merit. It is: Did the planning board act illegally in failing to make adequate provision for public access as required by G. L. 1956, §45-23-3?

As presented to the board, the proposed plat called for access from Post road by means of a private right-of-way, the right to general public use of which was not clear. A number of abutters not privy to this appeal, as well as appellants, objected to the subdivision because of the increased use of said private way if the subdivision were approved. Recognizing the validity of their concern, the board made its approval contingent upon a dedication of a 50-foot strip of land running from Stoneway road on said proposed subdivision to Post road, which dedicated strip would provide public access.

The applicants, owner and developer, owned no such land, but negotiated with two other property owners, Hovanesian and Goodwin. The Goodwins are the owners of property which abuts the subdivision at Stoneway road, and the Hovanesian land abuts that of Goodwin and Post road.

On June 30, 1966, dedications of the 50-foot strip were filed with the board by the Hovanesians and Goodwins. These dedications, however, did not effectively protect the public interest because the strip is not a part of the subdivision, not being owned by the subdividers, and the dedications were not recorded in the records of land evidence of the town of South Kingstown.

For a valid dedication to have been effected, the applicants should have acquired title to the access strip in question and made it a part of the subdivision prior to approval, or the Goodwins and Hovanesians should have been required either to file their dedications in the land records, or to convey said strip to the town before the board in the first instance, or defendant and the superior court on review, gave final approval. Not having done this, the trial justice erred in dismissing the appeal without first exercising jurisdiction under §45-23-20 by requiring the applicants to satisfy him that the public interest in this 50-foot strip had been properly protected.

The only purpose to be served, however, in remanding the cause to the superior court for such action would be to unnecessarily prolong the litigation. In such circumstance, this court will exercise the jurisdiction vested in it by §9-24-12. And see *Shepard* v. *Springfield Fire & Marine Ins. Co.,* 42 R. I. 174, 105 Atl. 576. Accordingly, we hold that final approval of the proposed plat should be stayed pending supplementation of the record by applicants, with evidence that there has been a dedication of the 50-foot strip effectively protecting the public interest therein. Such supplementation shall be filed in the office of the clerk of this court, and thereafter the parties may submit for the approval of this court in chambers, for entry in the superior court, a judgment consistent with this opinion.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* (for plaintiffs-appellants).

*Francis J. Kiernan, Archibald B. Kenyon, Jr., William H. Leslie, Jr., Merlyn A. DeConti, Thomas S. Hogan,* (for defendants-appellees).