[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In the lower numbered case, plaintiff appeals under R.I.G.L. § 45-23-20, as amended, from a decision of the Planning Board of Review of the town of Middletown which denied approval of a preliminary subdivision plat he had submitted originally to, and been denied by, the Planning Board. Peckham Brothers, Inc. intervened.
The higher numbered case is plaintiff's appeal from a decision of the Planning Board of Review which denied approval of a second subdivision plan plaintiffs submitted after denial of the first. Before the Court are the certified records, with their exhibits, transcripts of hearings and memoranda of counsel.
The Court addresses only one issue, common to both cases.[1]
Under the Enabling Act, R.I.G.L. 1956 § 45-23-2 as amended the town adopted subdivision regulations, Article 8 Section 801 of which, Street Arrangement, reads as follows:
 "Unless deemed inappropriate by the Planning Board, streets in a subdivision shall be so arranged as to provide for the continuation of existing or platted streets in abutting property. Where a plat submitted covers only a part of the applicant's land, the street arrangement shall be such that it can be coordinated with the remainder of his land. If abutting property is not subdivided, streets within the plat being subdivided shall project to the property line of abutting land."
Here, the records clearly establish that, adjoining this proposed subdivision, the Peckham property was subdivided in 1965, and the Hawes property was subdivided in 1965 and again in 1989. It follows that because abutting properties here have been subdivided, there is no requirement that streets in the proposed subdivision project to abutting land property lines. In denying approval in each case on the grounds that the proposed subdivision did not so project streets, the Board of Review exceeded its authority. It must act in conformity with subdivision rules and regulations. Jeffrey v. Platting Board ofSouth Kingstown, 103 R.I. 578 at 587.
In each case plaintiff's appeal is sustained, decision of the board is reversed, and the clerk will forthwith enter judgment for plaintiff for costs.
[1] In the lower numbered case, the board's holding that delayed road construction would not serve public convenience and welfare is premature. Delayed construction is permitted, and is addressed in other sections of the code, with which plaintiff must comply.
In the higher numbered case the board also denied plaintiff's application for a variance, but it is unnecessary to consider that aspect.