DECISION
Before this Court is an appeal from a June 13, 1994 decision of the Zoning Board of Review for the Town of Westerly (Board). Leeward Realty Holding Corporation (petitioner) seeks a reversal of the Board's June 13, 1994 decision to revoke two building permits issued to petitioner by the Westerly Zoning Inspector. In doing so the Board upheld the appeal taken by Pamela and Kathryn Crandall, Florence Lewiss, Randall and Jean Saunders, Judith Smith, William and Linda Krohn, and Phillip and Constance Wiginhauser, Jr. (neighbors) of the Westerly Zoning Inspector's issuance of the two building permits. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts
On March 2, 1966, the Board approved the Avondale Hills subdivision, which consisted of fifty-eight buildable lots. After selling twenty-six of the fifty-eight lots, Avondale's developer entered into receivership. Twenty-five of these lots, including the lots owned by the neighbors, were sold with the restriction that only one single-family residence could be built on the lots. In July 1984, the Avondale receiver sold the thirty-two remaining lots to Joseph S. Gaustamachio. The deeds from this sale state that the thirty-two lots are "subject to all restrictions of record," but the deeds do not expressly contain the one-lot, one-house limitation. Gaustamachio then sold several of the Avondale lots, including lot fifty-six, to petitioner.[1] The deed from this sale also includes the "subject to all restrictions of record" language but does not expressly include the one-lot, one-house limitation.
Then on October 29, 1993, petitioner reconveyed lot fifty-six to itself in the form of two separate and divided lots described as lot 1 and lot 1(a) on Westerly Tax Assessor's Plat 151. Anthony Giordana, Westerly's Zoning Inspector, issued building permits for each of these lots in April 1994. Approximately one week later, petitioner's neighbors appealed the issuance of the building permits to the Board. Finding in the neighbors' favor, the Board revoked the building permits, even though it is undisputed that both of these lots conform to all applicable zoning requirements. See Tr. May 4, 1944, at 8-10 and 23-24. Petitioner appealed the Zoning Board's decision. Thereafter, the neighbors filed a counterclaim alleging that petitioner's attempt to build two houses on lot fifty-six is a violation of the one-lot, one-house covenant which is allegedly implied in petitioner's deed via the "common scheme" and "uniform development" of the 1966 Avondale Subdivision.
The Zoning Inspector issued the permits because the 1993 version of § 45-23-1. et. seq., exempted the subdivision from prior approval by the Town Planning Board because both lots 1 and 1(a) were in complete compliance with the local zoning regulations.
The Board based its reversal of the Building Inspector's issuance of the building permits on its view that the 1993 division was a modification of a preexisting subdivision, and therefore, it was subject to the 1966 ordinances that were in effect at the time the original subdivision was created. This ordinance stated that a previously approved subdivision could be modified by the zoning board after a hearing with notice was held on the matter. The Board reasoned that since no prior hearing or zoning board approval had occurred, the issuance of the building permits was a violation of the Town's ordinances. The instant appeal followed.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if the court conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a mere scintilla but less than a preponderance." Caswell v. GeorgeSherman Sand and Gravel Co.. Inc. , 424 A.2d 646, 647 (R.I. 1981)(citing Apostolou, 120 R.I. at 507, 388 A.2d 824-825). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings."New England Naturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)(citing Town of Narragansett v. InternationalAssociation of Fire Fighters, AFL-CIO. Local 1589, 119 R.I. 506,380 A.2d 521 (1977). Additionally, it is not within this Court's authority to uphold a zoning board decision which is tainted by an error of law. Harmel Corp. v. Zoning Board of Review,603 A.2d 303 (R.I. 1992).
 Subdivision Regulations
The Board argues that the 1996 regulations apply because the October 1993 division was, in effect, a modification of the original Avondale subdivision and because the ordinance in effect in 1993 expressly excluded from its provisions prior recorded subdivisions. The petitioner, citing Jeffrey et al v. PlattingBoard of Review of the Town of South Kingstown, 103 R.I. 578,239 A.2d 731 (1968), asserts that the 1993 regulations apply because that is when the division of lot fifty-six took place. If this Court were to apply the 1966 regulations, the division of lot fifty-six would be an illegal subdivision not properly approved by the Board, and as a result, the Board's revocation of petitioner's building permits would be proper. If, however, the subdivision regulations in effect in 1993 apply, then the 1993 division of lot fifty-six would be a legal subdivision not subject to zoning board or planning board approval, and the Board's revocation of petitioner's building permits would be erroneous.
In Jeffrey v. Platting Board of South Kingstown, 103 R.I. at 588-589, 239 A.2d at 731, our Supreme Court held that a board is bound by the local ordinances and regulations in effect at the time of its review of a subdivision plan and not by proposed amendments to the local ordinances and regulations not yet adopted and in effect. Accordingly, whether or not a subdivision needs prior approval is to be determined by the regulations in effect at the time of the subdivision. Thus if the October 29, 1993 division was a subdivision, the Board is bound by the regulations in effect at that time.
The 1993 Westerly Town Ordinance represented an adoption of G.L. § 45-23, et. seq. , and provided that, while "a subdivision recorded prior to the adoption" of this chapter is exempt from its provisions, all other subdivisions need to be filed with and approved by the planning board unless the subdivision lots meet certain conditions. These conditions included that (1) the area and dimensions at least equal those required by the Westerly Zoning Ordinance, (2) that frontage on existing public highways meet the minimal requirements for front lines under the Westerly Zoning Ordinance, (3) frontage at the minimum setback, or building line, equal at least 75 percent of the frontage requirement and (4) provisions are made for access to lot areas isolated from street frontage. Because it is undisputed that lots 1 and 1(a) meet these four requirements if the October 1993 division is a subdivision, then the division was not subject to board approval.
Given the evidence and arguments before the Board, it is apparent that under both the tenets of general subdivision law and the Westerly Ordinances in effect in 1993 that the division was a "subdivision." Chapter 660 of the Westerly Town Ordinance entitled "Subdivision Regulation for the Town of Westerly, Rhode Island," which was adopted by the Westerly Town Council on July 26, 1982, defines a subdivision as "the division of a lot, tract or parcel of land into two (2) or more lots, tracts, parcels or other divisions of land. . .It also includes resubdivision."Accord G.L § 45-23-1 (1)(a b) and Sawyer v. Cozzolino,595 A.2d 242, 246 (R.I. 1991)(stating that Westerly's subdivision regulations include in the term subdivision any resubdivisions). Given this clear and unambiguous language this statute must be read literally. This is because such a reading is not contrary to the Legislature's stated purpose that such Town regulations should be adopted so as to promote health, safety, and coordinated development. G.L. § 45-23-3 and Town of Westerly Ordinance Ch. 660 § 1 (1982).
A resubdivision, while not defined by either the Rhode Island Legislature or the Westerly Town Council at that time, is in its plain and generally accepted meaning, the subdivision of a lot or lots in an existing subdivision, or other alteration in the map of an approved subdivision. See Richard R. Powell and Patricia Rohan, 6A Powell on Real Property , § 873[1] at 79D-11 (1986) and Edward H. Ziegler, Jr., 5 Rathkopf's the Law ofZoning and Planning, § 64-03 at 64-38 (1986). See also,
Robert M. Anderson, American Law of Zoning, 25.02 at 272 (1986).
The facts before the Board fit squarely into this definition. The petitioner, by deed, redivided lot fifty-six of the Avondale subdivision into lot 1 and lot 1(a). Thus petitioner's resubdivision or division of a previously subdivided lot is by definition a new subdivision. Purtill v. Town Plan ZoningCom'n of Glastonbury, 146 Conn 570, 153 A.2d 441 (Conn. 1959)(holding that where a "defendant has not adopted regulations governing resubdivisions as distinguished from subdivisions . . . and in view of the statutory inclusion of a resubdivision in a subdivision and of the additional fact that the plan . . . complied with the subdivision regulations, the commission lacked the authority to disapprove a plan"). See also, Edward H. Ziegler, Jr., 5 Rathkopf's the Law of Zoning and Planning,
§ 64-03 at 64-39 (1986) and Robert M. Anderson, American Lawof Zoning, § 25.02 at 272 (1986) citing Purtill, 146 Conn 570, 153 A.2d 441. As a result, the 1993 division is judged at the time of its creation, and when created the subdivision was not subject to Board approval because it met the four qualifications for exemption from approval under Chapter 660 Art. B § 1(a-d).
The neighbors' counterclaim is hereby dismissed without prejudice because it is not properly before this Court at this time. This Court's present jurisdiction is in the nature of appellate jurisdiction. The neighbors' counterclaim, however, is in the nature of an action at equity. Such a matter would not have been proper if brought before the Board, and therefore, is not properly before this Court while exercising its appellate jurisdiction over that Board. See generally, Lett v.Caromile, 510 A.2d 958 (R.I. 1986).
After review of the entire record, this Court hereby reverses the June 13, 1994 decision of the Board because it was affected by an error of law. As a result, and in accordance with the undisputed facts of record, petitioner is entitled to the two building permits issued. In addition, the neighbor's counterclaim is dismissed without prejudice.
Counsel shall prepare and submit an appropriate order forthwith.
[1] While irrelevant to the instant matter, the exact date of this sale is unknown. While petitioner alleges that it purchased the lot on May 3, 1966, (see Pet. Brief at 2) the Board in its brief alleges petitioner purchased the land on May 3, 1993, and in a footnote attributes the petitioner's sale date of "May 3, 1996" to a typographical error.