EDWARD A. FISKE *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

DECEMBER 1, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition for a writ of *certiorari* directed to the zoning board of review of the town of East Providence, hereinafter referred to as the board, praying in substance that this court quash a certain portion of the decision of such board. The writ was duly issued and the record of the board was certified to this court for inspection.

It appears from the record that the petitioner, who operates a dairy business at the corner of Wilson and Washburn avenues in East Providence, in his petition to said board asked that it grant him an exception to the zoning ordinance of said town in respect to the use of portions of lots numbered 66 and 78 on assessors' plat 34 of that town, both of which lots are owned by him. They are situated in a part of the town which, from the time of the passage of this zoning ordinance, has been zoned exclusively for residence purposes.

Lot 78 is next to the northeasterly corner of the above-mentioned avenues and there the petitioner conducts his dairy business. Upon that lot is a large cement garage, which accommodates fifteen trucks, and a building that contains all the necessary equipment and machinery for operating such business. This at present employs approximately thirty-two persons, handles about 6000 quarts of milk daily and has fifteen or sixteen milk routes.

The evidence before the board shows that the petitioner started his milk business in 1913 at another location, at that time having but one route; and that since then the business has expanded normally until it has reached its present size. In 1921 the petitioner purchased lot 78 and moved

thereto. This was prior to the passage of the East Providence zoning ordinance which went into effect in 1926. In 1935 the petitioner purchased lot 66, which has a frontage of 143.56 feet on Wilson avenue and is bounded on the west by lot 78. Lot 66 has a depth of over 700 feet, comprises 2.13 acres and has thereon a large one-family dwelling house, a two-car garage, a barn and several other smaller buildings.

The exception which the petitioner asked the board to grant him was for permission to construct an addition 59 feet 3 inches in length and 18 feet in width to the easterly side of the dairy building now on lot 78. This building fronts southerly toward Wilson avenue, but approximately 90 feet back therefrom. A cement driveway extends from said avenue to the building, which has on its front several doors, each apparently large enough to permit the entry of an ordinary milk truck. This building is located entirely on lot 78, nine feet westerly from the westerly line of lot 66. The proposed addition, which is 18 feet in width, would therefore be nine feet on lot 78 and the same distance on lot 66, thus creating an extension of the existing nonconforming use as far as lot 78 is concerned and a new use in respect to the nine feet of lot 66.

The reason for the proposed addition is stated in the petition to the board to be the inadequacy of the present dairy building to house the necessary equipment, the petitioner's desire to preserve the orderly appearance of his premises by having all such equipment under cover and not exposed to the elements and to public view, and to conserve the character of the neighborhood. Evidence before the board shows that, under present conditions, at times it becomes necessary to place outside of the dairy building and on that part of lot 66 adjacent to said building large numbers of milk cans, bottles and racks, and also occasionally to store temporarily milk in receptacles which have to be covered and iced as the only temporary means of refrigeration.

It also appears in evidence that the petitioner, to meet this situation, purchased a 1000 gallon stainless steel holding refrigerator tank, having obtained from the government a priority order therefor. He desires to install this new tank in the proposed addition, contending that there is no available space in the present dairy building to do so. He intends to use the remainder of the said addition for the reception, handling and storage of milk and milk containers, thereby improving the conduct of his business from the point of view of efficiency and sanitation.

Several hearings were held by the board on the petition and evidence was submitted. Owners of neighboring residential property objected vigorously to the granting of the petition, urging in general that the entire district was wholly residential, and that the petitioner should not be permitted to enlarge his nonconforming use, as each such enlargement would be increasingly detrimental to the value and enjoyment of their respective properties. They did admit that the petitioner personally was a good neighbor and that, under all the circumstances, he conducted his business as reasonably and unobjectionably as possible.

After consideration the board granted the prayer of the petition in respect to the proposed addition but included in its decision the provision that the petitioner "shall only be allowed to use lot 66 from the present proposed addition running 9 feet parallel with lot 78 to Wilson Avenue." The instant writ is now brought by the petitioner in order to have quashed by this court the above-quoted portion of the decision of the board and to have inserted in place thereof in the decision the following language: "and said petitioner may have access to said proposed and granted addition by means of said present driveway located on said Lot 66 for all purposes for which said proposed addition may be used."

In the petition now before us he alleges, among other things, that "the restriction of the Zoning Board of Review with respect to the access of said proposed and granted addition contained in its said decision . . . nullifies and

renders valueless the right accorded to the petitioner to erect said proposed addition . . . ." Several reasons are set out in support of this allegation, among them that the cost of making said access to the proposed addition from Wilson avenue, considering the grade of the street at that location, would be prohibitive; that it is impossible to obtain labor for such work at this time; that the removal of a large tree, a large gasoline storage tank and pump and a deep water meter pit would be involved; that there are no other available locations upon the property for the reinstallation of the pump and water meter pit; and that there is already a 15 foot concrete driveway on lot 78 about 18 feet distant from the line of lot 66, in addition to a driveway on said last-mentioned lot about 50 feet from the boundary line between said lots.

The petitioner contends that the portion of the decision sought to be quashed is arbitrary; that it imposes an undue hardship upon him; and that the right to use the existing driveway on lot 66 for the purpose of reaching the proposed addition is incidental to the granting of the petitioner's application. The correctness of these contentions is disputed by the respondent board and by certain remonstrants.

It appears in evidence that there is an existing cement driveway 10 or 12 feet in width extending from Wilson avenue a considerable distance into lot 66, and that this driveway is approximately 50 feet easterly from the adjoining lot line between that lot and lot 78. In other words, this driveway would be about 40 feet easterly from the east side of the proposed addition. The record also reveals that the petitioner put in evidence before the board a blueprint of the proposed addition showing, in the center of the easterly side thereof and opening onto lot 66, a double doorway with a wooden hood above it. On the side of the addition facing Wilson avenue there was merely one window and an ordinary door. Further, the evidence indicates that the petitioner intended to use this double doorway as the means of access to the addition by entering lot 66 over the exist-

ing driveway thereon, and then using and occupying as much of said lot between such driveway and the addition as became necessary for the purposes and conduct of his business. However, nowhere in his petition to the board had he specifically asked to be allowed to use the driveway in order to reach and enter the addition, nor had he asked to be allowed to use any part of lot 66 otherwise than for the erection of the addition.

We have carefully considered the record as returned by the board and we are of the opinion that the condition contained in the decision of the board has not been shown to impose undue hardship upon the petitioner nor to nullify and render valueless the right given him to erect the proposed addition. No floor plan of the present dairy building nor of the arrangement of the interior of the addition was introduced in evidence. The present record also shows that the petitioner submitted no evidence whatever in support of the several items, hereinbefore enumerated, which he now alleges constitute insurmountable difficulties to the entering of the proposed addition directly from Wilson avenue over the nine foot strip in question.

On this issue, and since we are reviewing the decision of the board, we feel that we shoud consider only the record returned by it in response to the command of the writ issued herein. In our judgment we should not consider certain matters which do not appear in the record returned by the board but which, nevertheless, are claimed by the petitioner to have been considered at a so-called executive session of the board.

In addition, it appears to us from a consideration of all the facts appearing in the record, including this petitioner's own testimony, that a right to use the existing driveway on lot 66 for the purpose of reaching the proposed addition is not necessarily incidental to the granting by the board of petitioner's application, as argued by him. The case of *New Britain* v. *Kilbourne,* 109 Conn. 422, cited by him as supporting this contention is so clearly distinguishable on its

facts from the instant case as to require no further discussion.

It is our judgment, therefore, that on the present record the board did not abuse its discretion, act arbitrarily, or exceed its powers in attaching the condition in question to its decision granting petitioner's application. In view, however, of the fact that the case apparently was tried solely upon the issues specifically made and presented by petitioner's application, and was decided by the board accordingly on the record which is now before us, we conclude that our opinion should be without prejudice to the parties respecting any issues other than those which were thus made and presented by the petitioner and decided by the board.

The petition is therefore denied and dismissed without prejudice.

*Clarence N. Woolley, Walter J. Hennessey,* for petitioner.
*William C. H. Brand,* for respondents.
*Sayles Gorham,* for remonstrants.

