208 A.2d 528.

NAJARIAN REALTY CORPORATION *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

MARCH 30, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

466

CONDON, C. J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Pawtucket denying the petitioner's application for approval of a gasoline filling station on lots numbered 432, 433, 434 and portions of 468 and 475 on assessor's plat 64 situate at the corner of Pawtucket and Dunnell avenues in a residence B district. The writ issued and in compliance therewith the papers and record have been certified to this court.

A public hearing on the application was held on September 8, 1964 at the conclusion of which the board took the matter under advisement. On September 30, 1964 they filed their decision denying the application on the grounds that the proposed use would depreciate surrounding property values, that it was not necessary for the convenience and welfare of the public, and that it did not possess a reasonable tendency towards promoting the public convenience because of existing gasoline stations in the vicinity. At the time the application was heard under sec. 26.6(4) of the zoning ordinance a gasoline station was a permitted use in a residence B district with the approval of the board of review.

On the basis of the record brought up by the writ of certiorari petitioner contends that the board abused their discretion in refusing their approval to the application and that they adopted an improper standard in determining the matter as they did. The respondents have not answered those contentions but have replied that on September 30, 1964 they were without power "to grant or deny" the ap-

plication because on September 23, 1964 the city council of Pawtucket adopted a resolution amending sec. 26.6 of the zoning ordinance eliminating a gasoline station as a permitted use in a residence B district, which resolution was duly approved by the mayor of the city on September 24, 1964. They have appended to their brief a certified copy of the resolution and rely thereon for their contention that having thus been deprived of the ground on which its application is based petitioner is not entitled to further consideration thereof.

The petitioner contends in reply that respondents are seeking to introduce new matter dehors the record brought up by the writ which this court has held cannot be considered, citing in support thereof *Fiske* v. *Zoning Board of Review*, 70 R. I. 426, and *Ralston Purina Co.* v. *Zoning Board*, 64 R. I. 197. It is true that in each of those cases we adhered strictly to the rule that on certiorari we would consider only what was in the record returned by the board. In *Fiske* the petitioner sought to have the court consider facts which he claimed the board had considered in executive session. That situation was a clear instance for strict application of the rule and does not compare with the situation in the case at bar. However, in *Ralston* the facts appear to be more nearly but not quite comparable. There, the board had refused the applicant permission to erect a coal pocket because it was an "industrial process" which the ordinance prohibited without a special permit. The applicant thereupon brought certiorari, but before a hearing thereon could be had in this court the town council amended the ordinance in such a manner as to prevent the petitioner from thereafter conducting a coalyard on its premises. In that situation we refused to go outside the record returned by the writ and consider the amended ordinance.

The chief difference between the situation in the case at bar and that in *Ralston* is this. When the board acted in

*Ralston* the amendment to the ordinance had not been adopted and the board still had power to act, whereas when the board acted in the instant case on September 30, 1964 they were without jurisdiction because of the amendment of September 24, 1964 abolishing the permitted use in a residence B district of a gasoline station.

Without in any way impairing the continued validity of our holding in *Ralston* we are of the opinion that we must consider the effect of the amendment of the ordinance in the case at bar notwithstanding that it is necessary to go beyond the record. Of course there is no question of our power to do so consistently with the provisions of the zoning statute vesting this court with the authority to review decisions of the zoning board by certiorari.

▪ While we ordinarily confine ourselves within the traditional limits of certiorari at common law in exercising such reviewing authority, we are not required to do so as the scope of certiorari envisioned in the statute is broader than at common law. For example, if we deem it necessary we are authorized to go beyond the record made before the board and take testimony. *Harrison* v. *Hopkins*, 48 R. I. 42. In that case the court took additional testimony and decided the case on the record as thus supplemented and not on the record brought up by the writ. In doing so it said: "The authority to take such testimony in these proceedings was by virtue of the zoning statute. Under the statute the court is permitted to take new testimony if it deems the same to be necessary and to 'reverse or affirm wholly or partly or (may) modify the decision brought up for review.' "

In accord with that discretionary authority we receive and consider respondents' proffer of additional evidence contained in the duly-authenticated copy of the amendment of the ordinance. On the record as thus supplemented it is clear beyond any question that on September 30, 1964 the

zoning board was without authority to proceed further with the petitioner's application. By the adoption of the amendment to the ordinance on September 24, 1964 the petitioner's application was rendered abortive and any decision of the board thereon either granting or denying it would be null and void.

The decision is quashed, and the papers and record certified to this court are ordered sent back to the board with direction to enter a new decision denying and dismissing the petitioner's application for lack of jurisdiction because of the amendment of the ordinance.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*John A. O'Neill,* City Solicitor, *Gerald J. Pouliot,* Assistant City Solicitor, of the City of Pawtucket, for respondent.