**236 A2d 124.**

HOWARD KENT *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

DECEMBER 11, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

PER CURIAM. This is a petition for certiorari to review a decision of the zoning board of review of the city of Pawtucket which granted an application for a special exception. This relief permitted the erection of two new four-unit apartment houses on land in a residence A zone. The writ issued and in compliance therewith the pertinent record has been certified to this court.

It appears therefrom that the application for relief was based on chap. 26, sec. 26.18(8)(a) and (b) of the revised ordinances of the city of Pawtucket, 1953.[1]

After the application was filed and heard, but before the board acted thereon,[2] the city council adopted a new zoning ordinance[3] which expressly repealed[4] chapter 26 of the old ordinance, upon which the board based its decision granting the exception.

---

[1]Chapter 26, sec. 26.18(8)(a) and (b) reads as follows:

(8) Approve in any district an application for any use or building which the board of review finds:

(a) To be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare or the public health;

(b) Where such use or building is reasonably necessary for the convenience or welfare of the public.

[2]On October 18, 1966, the board held a hearing on the application and took the case under advisement. On October 21, 1966, the new ordinance was passed, effective on the date of its passage.

[3]The new ordinance is entitled "Zoning Ordinance Pawtucket, R. I. Chapter 1097 (Approved October 21, 1966)".

[4]Section 20 of the new ordinance reads as follows:

Repeal of Conflicting Ordinances;

Effective Date

Chapter 26 of the Revised Ordinances of the City of Pawtucket, 1953, and all amendments thereto, including Chapters 715, 726, 753, 766, 804, 808, 828, 867, 868, 949, 950, 994, 995, 1018, 1034, 1060, 1078, and 1079 of the Ordinances of the City of Pawtucket, are hereby repealed. All former ordinances or parts of ordinances in conflict with or inconsistent with the provisions of this ordinance, are hereby repealed to the extent necessary to give this ordinance full force and effect. This ordinance shall become effective on the date of its passage.

There is no reason for a lengthy opinion in this case. The decisive facts are neither complicated nor contradicted. This was an application for an exception or a variance. Before the board rendered its decision, the city council adopted a new map and a new ordinance which repealed the old map and the prior ordinance upon which the application was based. On these facts, the applicable law is clear; this case is controlled by our decision in *Najarian Realty Corp.* v. *Zoning Board of Review,* 99 R. I. 465, 208 A.2d 528.[5] In the case at bar the board lost jurisdiction to act under the prior ordinance the moment the new ordinance took effect. By the adoption of the new ordinance the application was rendered abortive and any decision of the board granting or denying it would be null and void. *Najarian Realty Corp.,* *supra.* Under the circumstances we need not reach any other issues raised on this appeal.

The board's decision is quashed. The record certified to this court is ordered sent back to the board with direction to enter a new decision denying and dismissing the application for lack of jurisdiction because of the new ordinance.

*Joseph A. Capineri,* for petitioners.

*Gerald J. Pouliot,* City Solicitor, for respondent.

*Moses Kando,* for intervenor.

---

[5]In *Najarian Realty Corp.* v. *Zoning Board of Review, supra,* petitioner filed a petition for certiorari to review a decision of the zoning board denying its application for approval of a gasoline filling station in a residence B district. The court held that where the zoning ordinance was amended after the application and hearing thereon but before the decision of board, and the amendment eliminated a gasoline filling station as a conditionally permitted use in a residence B district, the board was without authority to proceed further with the application, and any decision rendered after the amendment was void. See also *Thomson Methodist Church* v. *Zoning Board of Review,* 99 R. I. 675, 210 A.2d 138. Compare *Ralston Purina Co.* v. *Zoning Board,* 64 R. I. 197, 12 A.2d 219; *Shalvey* v. *Zoning Board of Review,* 99 R. I. 692, 210 A.2d 589; *Tantimonaco* v. *Zoning Board of Review,* 100 R. I. 615, 218 A.2d 480.