254 A.2d 415.

BONITATI BROS., INC. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

MAY 29, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Woonsocket wherein it denied the petitioner's application for a special exception permitting it to erect a gasoline service station on a tract of land located in an area presently classified as a shopping center district. The writ issued, and pursuant thereto the respondent has provided this court with a certified copy of the record of the proceedings below.

It appears from the record that petitioner is the owner of a tract of land containing about 28,500 square feet, which tract is located on Diamond Hill Road in Woonsocket about opposite the Walnut Hill Shopping Center. Section 6.41 of the zoning ordinance prescribes the uses that are permitted within a shopping center district in which petitioner's land was located. In addition, sec. 6.413 provides for certain conditionally permitted uses as follows: "Gaso-

line service stations, supermarkets, and self-service laundries shall be considered *special exceptions* and shall require written permission of the Board of Review." On July 3, 1968, petitioner filed an application with the respondent board, asking for a special exception pursuant to the provisions of sec. 6.413 of the zoning ordinance, that is, for a special exception for permission to erect a gasoline service station on the tract of land under consideration. On July 3, 1968, the date of the application, sec. 6.413 read as above quoted and included as a conditionally permitted use thereunder gasoline service stations.

After a hearing was held on this application on July 22, 1968, the zoning board of review denied the application based upon reasons which are not pertinent to the issue here being considered. Subsequently, effective August 16, 1968, the city council of the city of Woonsocket gave final passage to an amendment to sec. 6.413 of the zoning ordinance, which provided for a deletion of the words "Gasoline service stations" in that section. In other words, on that date the ordinance was amended so as to rule out the granting of special exceptions permitting the erection of gasoline service stations. Thereafter, on August 21, 1968, petitioner prosecuted an appeal pursuant to the provisions of G. L. 1956, §45-24-20.

We are then once more confronted with the question of the effect of the amendment of a provision of a zoning ordinance on an application for a special exception. Here it is clear that the application for the exception had been denied by the board of review and that the ordinance was amended before an appeal from that denial was prosecuted to this court. In *Shalvey* v. *Zoning Board of Review*, 99 R. I. 692, 210 A.2d 589, we adopted the authoritative view that a local legislature, in exercising the police power to establish use classifications, may so amend an ordinance as to eliminate therefrom what had been prior thereto a

lawful use. We further held that in appropriate circumstances such legislative action might well operate to revoke a special exception previously granted or a building permit previously issued pursuant to a then permitted use. However, we did modify this rule to a considerable degree by recognizing that in appropriate circumstances a use that was lawful when the permit or exception was granted might be immunized against subsequent impairment or revocation resulting from an amendment to the zoning ordinance.

In *A. Ferland & Sons, Inc.* v. *Zoning Board of Review,* 105 R. I. 275, 251 A.2d 536, we discussed the rationale of the rule adopted in *Shalvey,* reiterating our acceptance of the view that local legislatures, in amending the zoning ordinance, may thereby nullify permits obtained at a prior time when the use now eliminated was lawful. We said specifically in that case that where a permittee, in reliance upon such a permit, had in good faith acted pursuant thereto in making substantial preparation either to qualify for the grant of a permit or, in reliance thereon, to proceed with construction, we would recognize the acquisition of equities that would immunize that permit from subsequent revocation or nullification.

It is clear, however, that in the instant case we are confronted with a different issue and one with respect to which, in our opinion, the rule stated in *Shalvey* and *Ferland* has no application. In both of those cases affirmative relief had been granted, one by way of issuance of a permit by a building inspector and the other by a grant of an exception by a board of review. In the instant case this petitioner's application for an exception had been denied by the board of review, and consequently it had been granted neither an exception nor a permit issued pursuant to such an exception. It is clear then that the petitioner here in these circumstances could not have relied in good faith upon the grant of affirmative relief and thus been able to

establish the acquisition of equities that would nullify the effect of the amendment to the ordinance. We are constrained to conclude that where an application for relief from the provisions of a zoning ordinance was denied by a board of review and the pertinent provisions of the ordinance thereafter amended, the legislative action effectively nullified any potential rights that the petitioner might have had to the exception sought.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified is ordered returned to the respondent board with our decision endorsed thereon.

*Benedetto A. Cerilli, Charles A. Pisaturo,* for petitioner.

*M. Durkan Cannon,* Assistant City Solicitor, for respondent.