261 A.2d 644.

CAMPANELLA CORPORATION *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF MIDDLETOWN.

JANUARY 26, 1970.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

KELLEHER, J. This petition for certiorari was brought to review a decision of the respondent board of review denying the petitioner's application for a special exception[1]

---

[1]The petitioner, in seeking permission for the erection of the proposed structure, also asked for a deviation from the height limitations found in the ordinance.

whereby it would build a ready mix concrete plant in Middletown on the westerly side of Aquidneck Avenue. The writ issued and pursuant thereto the respondent board has certified to us all the papers and records pertinent to the application.

The petitioner's application was filed on October 29, 1968. At that time its property was located in an area classified by the Middletown zoning ordinance as "Business District." The application was the subject of several hearings. Some were held in November and December 1968, and the final hearing was conducted on January 14, 1969. The board's decision was filed in March 1969. On December 2, 1968, however, the town council enacted a new zoning ordinance which was to become effective as of December 3, 1968. The new ordinance reclassified the area in which petitioner's land is located from a "Business District" to a "General Business District." A ready mix concrete plant cannot be built in a "General Business District."

All the parties concede that ordinarily, according to the well established rule[2] in this jurisdiction, when the council adopted the new zoning ordinance on December 2, 1968, the board of review was then without jurisdiction to proceed further with petitioner's application. The council's action would have nullified any potential right that petitioner might have had to a special exception. The petitioner and respondent board, however, contend that the town council, when it enacted the new ordinance, expressly empowered the board of review to retain jurisdiction of any application for an exception or variance pending before it. The amicus curiae who appeared before the board in opposition to petitioner's application takes a contrary view. We believe that the position of the amicus is correct.

---

[2]*Goodman* v. *Zoning Board of Review*, 105 R. I. 680. 254 A.2d 743; *Bonitati Bros., Inc.* v. *Zoning Board of Review*, 105 R. I. 602. 254 A.2d 415; *Kent* v. *Zoning Board of Review*, 103 R. I. 205, 236 A.2d 124; *Najarian Realty Corp.* v. *Zoning Board of Review*, 99 R. I. 465, 208 A.2d 528.

When the town council adopted the new zoning ordinance, it passed a resolution, the relevant portion of which reads as follows:

"Voted that all building permits presently issued and in force, as well as all building permits presently pending before the Board of Review or any Rhode Island court, which may hereafter be approved by said Board or by said court, be deemed valid permits for the purpose for which they have been or may hereafter be issued, subject to time limitation of zoning ordinance amendment on page 46."

The petitioner in contending that its application comes within the purview of the so-called savings-clause provision of the council's resolution refers us to the case of *Mello* v. *Board of Review*, 94 R. I. 43, 177 A.2d 533. There we observed that it is the common practice in this state for a landowner who is seeking a proposed use which is not permitted under a zoning ordinance to forego the formality of seeking a building permit from the appropriate municipal authority and go directly to the local zoning board and file his application for relief. The petitioner claims that, in the light of our remarks in *Mello*, there was no necessity that he seek a building permit.

The *Mello* case avails petitioner nothing. Whether there was no necessity for petitioner seeking a building permit before filing its application is of no moment. Nowhere in *Mello* did we equate an application for an exception or a variance with the term building permit. Furthermore, the council's resolution speaks of building permits—not an application for an exception or a variance.

The respondent board claims that it was the town council's intent when the resolution passed to preserve the board's jurisdiction over the instant application. However, this court in *Lescault* v. *Zoning Board of Review*, 91 R. I. 277, 162 A.2d 807, when speaking of certain terms used in the Cumberland zoning ordinance said:

"The words, 'building,' 'dwelling' and 'structure' are all words in ordinary use and each has a well-defined meaning. If it was in contemplation that these words were used with other than their usual connotation such meaning should have been given. We have said of a statute, and we think it is equally true of an ordinance, that where the language is clear and certain there is nothing left for interpretation."

The language of the resolution is clear and unambiguous, and it carries a sensible meaning. There is no need to construe its terms. It protects building permits, the issuance of which is undisputed or whose issuance is the subject of a dispute pending either before the board of review or the court. The resolution speaks for itself. It does not refer either directly or indirectly to any pending application for an exception or a variance. A court may not ignore the clear and explicit terms of a legislative act in order to effectuate an alleged unexpressed intent.

If the town council of Middletown had intended to preserve any application for a special exception pending before the local zoning board from the effects of the new ordinance, it should have said so. The petitioner and the respondent board have taken the position that the resolution is part and parcel of the new ordinance.[3] Page 46 of the new ordinance leaves no doubt that when the council used the term

---

[3]The amicus has also argued that the council's resolution is not a part of the new ordinance and that it should be declared a nullity because it was not advertised in accordance with the provisions of G. L. 1956, §45-24-4, as amended, by P. L. 1967, chap. 173, sec. 1. Furthermore, the amicus contends that if the resolution is to be regarded as being incorporated within the ordinance, it should fail because it was not in the ordinance when the required public hearing was held prior to the adoption of the ordinance. Our examination of the record shows that there is a time gap between the effective date of the resolution and the effective date of the new ordinance. The resolution became effective on the night of its passage—December 2, 1968, while the ordinance did not become effective until the following day, December 3, 1968. Because of our holding in this cause, we need not consider these issues.

building permit there, it meant a building permit and not an application for a special exception. It is difficult for us to imagine that in one breath the local legislature of Middletown, when it spoke of a building permit, was speaking of one thing and in the next breath, when it spoke of a building permit, it was referring to something else. The council's resolution, therefore, is of no assistance to the petitioner. The adoption of the new zoning ordinance aborted the petitioner's application and any further action of the board either in granting or denying it would be null and void.

The decision is quashed and the papers and the records certified to this court are ordered sent back to the board with a directive to write a new decision denying and dismissing the petitioner's application for lack of jurisdiction because of the amendment of the ordinance.

POWERS, J., did not participate.

*W. Ward Harvey,* for petitioner.

*Edward B. Corcoran,* Town Solicitor, *Dolbashian, Chappell & Chace,* for respondent. Amicus Curiae—*Paul M. Chappell, N. Jameson Chace.*