Kathleen Moriarty **ROBERTSON**

v.

**TOWN OF YORK et al.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1989.

Decided Feb. 3, 1989.

John R. Kugler (orally), Wells, for plaintiff.

John C. Bannon (orally), Murray, Plumb & Murray, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

Kathleen Moriarty Robertson appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) affirming the decision of the York Zoning Board of Appeals (Board). We hold that the Board did not err in its interpretation of section III(G) of the York Beach Zoning Ordinance (Ordinance) and affirm the judgment.

Prior to the adoption of the Ordinance in 1977, requiring 12,000 square feet of land for the construction of a residence, Robertson purchased four contiguous lots of real estate in York, each containing 4,000 square feet. A primary residence occupied a portion of two of the lots. The Ordinance was amended in April 1986 to include sections addressing the merger of contiguous lots in the same ownership for purposes of meeting the minimum lot size requirements. Robertson's two remaining 4,000 square foot lots have remained vacant.

On February 20, 1987 Robertson obtained a building permit to construct a dwelling unit on the vacant 8,000 square foot parcel. On April 17, 1987, after construction had begun, a stop work order was issued by the York Code Enforcement Officer citing a violation of the minimum lot size required by the Ordinance for construction of a residence. Robertson appealed the stop work order to the Board. After a hearing, the Board held that the Ordinance required the merger of all four lots owned by Robertson and denied her appeal. Pursuant to M.R.Civ.P. 80B, Robertson sought judicial review of the Board's decision. From the judgment of the Superior Court affirming the decision of the Board, Robertson appeals.

On review we examine directly, as does the Superior Court, the decision of the Board and the record as developed before the Board. *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1072 (Me.1986). Robertson's sole contention is that section III(G) of the York Beach Ordinance does not require the merger of her improved lots with her unimproved lots in order to create a single conforming lot.

The sections of the ordinance addressing the merger of contiguous lots state:

F. *Non–Conforming Lots*

> *A single lot of record,* which, at the effective date of adoption or amendment of this Ordinance, does not meet the area or frontage requirement, or both, of the district in which it is located, *may be built upon provided that such lot is not contiguous with any*

*other lot in the same ownership,* and that all provisions of this Ordinance shall be met. Variance of dimensional requirements not involving area or frontage shall be obtained only by action of the Board of Appeals.

(Adopted 4/18/86)

G. *Contiguous Lots—Vacant or Partially Built*

*If two or more contiguous lots* or parcels are in single or joint ownership of record as of the effective date of this Ordinance, and if any of these lots do not individually meet the dimensional requirements of this Ordinance or subsequent amendments, and *if one or more of the lots are vacant* or contain(s) only an accessory structure, *the lots shall be combined* to the extent necessary to meet all dimensional standards. This paragraph is intended to apply to all lots whether shown on an approved and recorded plan or not.

Corporations in which two or more directors are the same individual (or their spouses) shall be treated as the same corporation for the purposes of this Ordinance.

(Adopted 4/18/86)

York Beach, Me., Code § III(F), (G) (1986) (emphasis added).

We have previously stated:

The meaning of terms or expressions in zoning ordinances is a question of statutory construction and is therefore one of law for the court.... The terms of a zoning ordinance must be construed reasonably with regard both to the objects sought to be obtained and to the general structure of the ordinance as a whole.

*LaPointe v. City of Saco,* 419 A.2d 1013, 1015 (Me.1980) (citations omitted). It is clear from the general structure of the Ordinance as a whole and from sections III(F) and (G) that the town intended the merger of both substandard unimproved lots and substandard unimproved and improved lots in order to eliminate nonconforming uses. *See Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 105 (Me.1984) (Policy of zoning is to

" 'gradually or eventually eliminate nonconforming uses as speedily as justice will permit.' ") (quoting *Keith v. Saco River Corridor Comm'n,* 464 A.2d 150, 154 (Me. 1983)). Of special significance is the wording in section III(G), "if one or more of the lots are vacant ..., the lots shall be combined to the extent necessary to meet all dimensional standards." As the Superior Court determined, the plain meaning of the language "if one or more" shows an intent to require the merger of substandard unimproved and improved lots because at least two lots are necessary before any merger can occur. Accordingly, the Board properly determined that section III(G) of the Ordinance required the merger of the four contiguous nonconforming lots owned by Robertson. *See* 2 R. Anderson, *American Law of Zoning* § 9.67, at 310–11 (3d ed. 1986) ("An owner of several contiguous parcels may not combine them so as to leave a substandard lot, and assert a right to an exception of the latter.").

The entry is:

Judgment affirmed.

All concurring.