[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal pursuant to G.L. 1956 (1991 Reenactment) §45-24-20 from a decision of the Zoning Board of Review of the Town of Smithfield. (hereinafter "the Board"). On December 5, 1991 the Board issued a written decision, in which it granted the appeal of Gary Caplinger and Lois Caplinger, (hereinafter "the Caplingers"), who have intervened in this appeal as appellees, from the granting of a building permit by the Town Building Inspector to Hans J. Nussler, the appellant in this appeal. The appellant filed this appeal on December 20, 1991. The record of the Board was certified to this Court on April 21, 1992. Briefing was completed on July 22, 1992. Additional Board records were filed with this Court on February 23, 1993. This appeal was assigned to this justice for decision on March 15, 1993.
The appellant and Rebecca L. Nussler acquired title on July 17, 1978 to lots numbered 41, 42 and 43 on a recorded plat in the Town of Smithfield, entitled: "Section 1, Lake Wionkhiege Shores in Smithfield, Rhode Island, belonging to Lake Wionkhiege Shores, Inc., 1946, Scale 1" = 100', by Harold V. Bowen, Civil Engineer." All three of these lots were contiguous with continuous frontage in single ownership at the time of adoption of the 1987 Town Zoning Ordinance. At that time a dwelling had been constructed on lots 42 and 43 in such a way as to effect a de facto merger of those two lots, which was reflected on the Town Assessor's plat number 13 by showing the two lots as a single lot numbered 52. The remaining recorded lot, number 41, appeared on the assessor's plat as lot number 53. This lot does not conform to the lot size and frontage requirements of the 1987 ordinance.
Two weeks after the 1987 ordinance was adopted on April 14, the appellant and Rebecca L. Nussler conveyed their title to all three lots to the appellant in his name alone. On June 4, 1990 the appellant conveyed lot 41, alone, to himself by one deed and lots 42 and 43, together, to himself by another deed. Thereafter, on July 6, 1990 he conveyed lots 42 and 43, combined, to third parties, retaining title to lot 41. On April 2, 1991 the appellant applied to the Town Building Inspector for permission to build a single-family dwelling on what he described as Assessor's plat 13 lot 53. A permit was issued on April 2, 1991. On April 30, 1991 the Caplingers, who own an abutting lot, appealed to the Board. Their appeal was heard by the Board on May 29 and July 10, 1991, and was unanimously approved on July 10, 1991.
The Board held and the parties agree that a zoning ordinance adopted by the Town in 1973 did not require the merger of these lots when they were acquired by the appellant and Rebecca Nussler in 1978, although they do not agree as to why that was so. The Board argues on appeal that the lots were not merged because the 1973 zoning ordinance excepted lots on a record plat from its merger requirements. The appellant argues that the 1973 zoning ordinance applied only to two or more nonconforming lots. Since two of the lots had already been merged by use and occupation and were so shown on the assessor's plat, they say that the parcel under common ownership then consisted of one conforming and one nonconforming lot. The only significance of the 1973 ordinance provision is that the Building Inspector assumed that the nonconforming lot 41 was a conforming pre-existing lot under the 1973 ordinance and so was not required to be merged by the 1987 ordinance. Since the appellant does not seek to uphold the issuance of the building permit on that ground on this appeal, reference to the 1973 ordinance and whether or not it required merger of these lots before they were acquired in 1978 is not necessary for the decision of this appeal.
The sole question presented by this appeal is whether the 1987 ordinance required merger of all of the appellant's land on these plats into a single parcel for zoning purposes as a matter of law. The appellant contends that his land consists of two lots, one of which conforms to the requirements of the 1987 ordinance and one of which does not. He argues that the 1987 ordinance would require merger only if both of his lots did not conform to the requirements of the ordinance. The appellees, both the Caplingers and the Board, contend that the appellant's land consists of three lots of record, none of which conforms to the size requirements of the 1987 ordinance. They also argue that whether the appellant owned two lots or three is immaterial, because the 1987 ordinance requires that the undersized lot be combined with any other lot, or lots, of the appellant, with which it shares continuous frontage and common ownership.
None of the Board's factual findings are disputed by the parties in this case. The appellant contends that the Board was wrong as a matter of law in concluding that his lots were merged as a result of the 1987 ordinance. The parties agree that the pertinent ordinance provision is clear and unambiguous. Accordingly, it will not be construed by the Court. CampanellaCorporation v. Zoning Board of Review of the Town of Middletown,106 R.I. 495, 498, 261 A.2d 644, 646 (1970). Merger provisions substantially the same as the one here in question have been described, approved and applied by the Supreme Court. R.J.E.P.Associates v. Hellewell, 560 A.2d 353 (R.I. 1989).
The only issue before this Court is whether or not the Board correctly applied the ordinance to the undisputed facts. Section 4.2.2 of the ordinance reads as follows:
 "If two (2) or more lots or combinations of lots and portions of lots with continuous frontage in single ownership are of record at the time of or subsequent to the passage or amendment of this Ordinance, and if all or part of the lots do not meet the requirements established for lot width or areas, the lands involved shall be considered to be an individual parcel for the purpose of this Ordinance, and no portion of said parcel shall be used or sold in a manner which diminishes compliance with lot width or area requirements established by this Ordinance, nor shall any division of any parcel be made which creates a lot with width or area below the requirements stated in this Ordinance. If necessary to assure compliance with other provisions of this Ordinance, the lots shall be combined."
The first condition is met whether the appellant owned two or three lots in 1987. The second condition gives rise to the controversy. The appellant contends that "all or part of the lots" must mean that both of the lots in this case must be nonconforming for the section to apply. In other words, the section does not require the merger of substandard lots with conforming lots.
The flaw in the appellant's reasoning is clear when it is noted that both of the lots in this case are part of the lots in issue. If all of the lots required to be merged must be nonconforming, the words "or part of the lots" would be unnecessary. Surely, one of two lots is "part of the lots" in question. In this case, even assuming there are two, not three, lots, "part of the lots" do not meet the requirements established for lot width or areas.
The appellant contends that his argument that merger provisions such as the one in question apply only to situations where all the lots of record in common contiguous ownership do not conform to size or width requirements is supported by language in the Opinion in R.J.E.P. Associates v. Hellewell,supra.
 "Merger generally requires the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum-square-footage requirements of a particular zoned district. See Dedering v. Johnson, 307 Minn. 313, 239 N.W.2d 913 (1976) (court held that where owner of nonconforming undeveloped lot also owns adjacent undeveloped lot, owner must combine lots to meet minimum zoning requirements). Substandard contiguous lots cannot be developed as individual nonconforming lots unless the landowner applies for a variance or an exception." Id., at 355.
Although the quoted language would appear to attribute merger requirements generally to substandard lots only, it does not necessarily preclude application to situations involving contiguous standard and substandard lots. The Supreme Court went on to say:
 "Moreover, merger provisions frequently contain exceptions whereby a lot that is smaller than the minimum zoning requirements will be exempted from the merger rule if it was a lot of record prior to the effective date of the zoning ordinance. Such an exception allows the landowner to develop a substandard lot only if the lot remains isolated and was under single ownership at the time the zoning ordinance was adopted. However, if the landowner owns any adjacent lots that, if combined, would satisfy the square-footage requirements, then the landowner is not entitled to the exception. The landowner therefore must merge the lots to form a single parcel of land that will meet the area requirements." (Emphasis supplied) Id., at 356.
The reference to any adjacent lots implies standard-sized as well as substandard lots. See, Robertson v. Town of York,553 A.2d 1259, 1260 (Me. 1989), citing 2 R. Anderson, American Law ofZoning § 9.67, at 310-11 (3d ed. 1986) ("An owner of several contiguous parcels may not combine them so as to leave a substandard lot, and assert a right to an exception of the latter.").
Even if the 1987 ordinance did not require the merger of an undersized lot with a contiguous conforming lot, as the appellant contends, there is evidence in the record before the Board that as of the adoption of the 1987 ordinance there was common ownership of three undersized lots, all of which were merged as a matter of law. The recorded plat showed three separately designated lots. The deed conveying title to the common owners in 1978 referred to three separate lots of record. The reference to the Assessor's Plat in the Board's decision is clearly incidental. The Board concluded that lot 41 merged with lots 42 and 43, not that lot 52 merged with lot 53. The Board could hardly do otherwise, since Section 2.2.56 of the 1987 ordinance defines "lot of record" as:
 "A lot which is part of a legal subdivision recorded in the office of the Smithfield Town Clerk, a lot which has been approved as a division of land by the Smithfield Planning Board or a lot described by metes and bounds, the deed for which has been so recorded."
Lots shown on assessor's plat maps are not included in the definition of "lots of record" in the zoning ordinance.
The appellant's reliance on Redman v. Zoning and PlattingBoard of Review of Narragansett, 491 A.2d 998 (R.I. 1985) is misplaced in the light of the clarification of that decision inBrum v. Conley, 572 A.2d 1332, 1335 (R.I. 1990).
This Court concludes that whether the appellant's parcel consisted of two lots, or three lots, for the purposes of the 1987 zoning ordinance they were merged by Section 4.2.2 into a single conforming parcel. The building permit was improperly issued. The decision of the Board is affirmed.
The appellees will present a form of judgment for entry upon notice to the appellant.